# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Robert A. Cahn
Executive Attorney

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

June 9, 2004

TO ALL INVOLVED JUDGES

Re: MDL-1629 -- In re Neurontin Marketing and Sales Practices Litigation

(See Attached Schedule of Actions)

Dear Judges:

Presently before the Panel pursuant to 28 U.S.C. § 1407 is a motion to transfer including at least one action before you in the above-described docket. The parties will have an opportunity to fully brief the question of transfer and the matter will be considered at a bimonthly Panel hearing session. The purpose of this letter is to apprise you of the effect of the pendency of the action before the Panel. Panel Rule 1.5, 199 F.R.D. 425, 427 (2001), provides:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

Thus your jurisdiction continues until any transfer ruling becomes effective. If you have a motion pending before you in the action -- particularly a motion to remand to state court (if the action was removed to your court) -- you are encouraged to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there.

Please feel free to contact our staff in Washington with any questions.

Kindest regards,

Wm. Terrell Hodges
Chairman

Attachment

## SCHEDULE OF ACTIONS
## DOCKET NO. 1629
## IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION

Eastern District of Louisiana
*Emma B. Christina v. Pfizer, Inc., et al.*, C.A. No. 2:04-1450  (Judge Carl J. Barbier)
*Debra Mull, etc. v. Pfizer, Inc., et al.*, C.A. No. 2:04-1489  (Judge Jay C. Zainey)

District of Massachusetts
*The Guardian Life Insurance Co. of America v. Pfizer, Inc., et al.*, C.A. No. 1:04-10739 (Judge Patti B. Saris)
*Aetna, Inc. v. Pfizer, Inc., et al.*, C.A. No. 1:04-10958  (Judge Patti B. Saris)
*Harden Manufacturing Corp. v. Pfizer, Inc., et al.*, C.A. No. 1:04-10981  (Judge Patti B. Saris)
*Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Pfizer Inc., et al.*, C.A. No. 1:04-10984
    (Judge Patti B. Saris)

District of New Jersey
*ASEA/AFSCME Local 52 Health Benefits Trust, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:04-2577 (Judge Joel A. Pisano)