**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | Judge Patti B. Saris |

**OPPOSITION OF CLASS PLAINTIFFS' STEERING COMMITTEE TO MOTION FOR APPOINTMENT OF TENNESSEE LEAD COUNSEL**

On October 26, 2004, the Judicial Panel on Multidistrict Litigation centralized 27 actions in district. These actions were filed in 16 different districts, including the Western District of Tennessee.[1] With the agreement of counsel for plaintiffs in each of these actions, and objections from none, the Court appointed a committee of six experienced and qualified law firms to guide this litigation on behalf of the class cases. Corrected Case Management Order, at 7-9 (Dec. 16, 2004).[2]

Gordon Ball, counsel for plaintiff in *Sutton v. Pfizer, Inc., et al.*, one of 24 tag-along actions transferred to this district subsequent to the initial transfer order, asks that he be appointed lead counsel to represent a separate class or subclass of Tennessee consumers, on the ground that unlike other states, Tennessee's antitrust law, the Tennessee Trade Practices Act, Tenn. Code. Ann. § 47-25-101, *et seq*., permits Tennessee indirect purchasers to recover from antitrust conspirators "the full consideration or sum paid by the person for any goods, wares, merchandise or articles, the sale of which is controlled by such combination or trust." Tenn. Code. Ann. § 47-25-106. This is a fraud case, not an antitrust case. Ms. Sutton's complaint contains no facts supporting her claim that defendants conspired to "lessen, full and free competition in the importation or sale of Neurontin into Tennessee," or to "control the price or cost of Neurontin to the consumers of the State of Tennessee, in violation of the Tennessee Trade Practices Act, T.C.A. §47-25-101, et seq." Class Action Complaint (Motion, Exh, A), ¶ 71.

While Mr. Ball is undoubtedly an experienced and accomplished attorney, the Class Plaintiffs' Steering Committee ("CPSC") respectfully submits that an attorney seeking

---

[1] *Doyle v. Pfizer, Inc., et al.*, W.D. Tenn. C.A. No. 2:04-2509.

[2] Coincidentally, two of the six law firms appointed to the CPSC, Lieff, Cabraser, Heimann & Bernstein, LLP and the Barrett Law Office, maintain offices in Nashville, Tennessee.

appointment as lead counsel should, at a minimum, know what type of case he is involved in. *See* Fed. R. Civ. P. 23(g)(1)(C) ("In appointing class counsel, the court (i) must consider . . . counsel's knowledge of the applicable law"). The alleged "conflict of interest" posed by Mr. Ball simply does not exist.[3]

At the initial case management conference on November 23, 2004, the Court cautioned plaintiffs' counsel against adopting the balkanized, state-by-state approach to class certification suggested by Mr. Ball. The Amended Class Action Complaint filed on February 1, 2005 asserts claims on behalf of a nationwide class under the New Jersey Consumer Fraud Act (the "NJCFA"), N.J.S.A. 56:8-1, *et seq*. Like Tennessee's consumer fraud law, the NJCFA permits consumers to recover treble damages. *Compare* N.J.S.A. 56:8-19; T.C.A. § 47-18-109(a).

The CPSC adequately represents the interests of all consumer class members, including those residing in the great State of Tennessee. Accordingly, the motion should be denied.

---

[3] Even assuming, *arguendo*, that this *was* an antitrust case, courts have rejected the very argument made by Mr. Ball here – that Tennessee's "full consideration" antitrust statute requires that its residents be excluded from a nationwide class. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 530 (3d Cir. 2004).

Dated: February 11, 2005

Respectfully Submitted,

By: /s/ Thomas M. Sobol

Thomas M. Sobol
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142
(617) 482-8200
(617) 482-3003 (fax)

***Plaintiffs' Liaison Counsel***

By: /s/ Barry Himmelstein

Barry Himmelstein, Esquire
Lieff Cabraser Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

By: /s/ Don Barrett

Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: /s/ Daniel Becnel

Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: /s/ James Dugan

James Dugan, Esquire
Dugan & Browne
650 Poydras St., Suite 2150
New Orleans, LA 70130

By: /s/ Thomas Greene

Thomas Greene Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

***Members of the Class Plaintiffs' Steering Committee***