UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**MOTION FOR ENTRY OF PROPOSED**
**CASE MANAGEMENT ORDER #3**

Defendants Pfizer Inc. and Warner-Lambert Company move, pursuant to the Court's instructions and Rule 16 of the Federal Rules of Civil Procedure, for the entry of Case Management Order #3 that is attached hereto as Exhibit A.

The grounds for this motion are set forth in the accompanying Memorandum in Support of Motion for Entry of Proposed Case Management Order #3.

WHEREFORE, Defendants respectfully request that the Court enter the Proposed Case Management #2 that is attached hereto.

Dated: March 10, 2005              PFIZER INC., et uno,

                                   By their attorneys,

                                   s/James P. Rouhandeh
                                   James P. Rouhandeh
                                   James E. Murray
                                   DAVIS POLK & WARDWELL
                                   450 Lexington Avenue
                                   New York, New York 10017
                                   (212) 450-4000

                                   -and-

                                   s/David B.Chaffin
                                   David B. Chaffin
                                   BBO No. 549245
                                   HARE & CHAFFIN
                                   160 Federal Street
                                   Boston, Massachusetts 02110
                                   (617) 330-5000

### Certificate Of Consultation

I certify that counsel have conferred and have attempted in good faith to resolve or narrow the issue presented by this motion.

                                   s/David B. Chaffin

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND ) <br> SALES PRACTICES LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) <br> ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris |

## CASE MANAGEMENT ORDER # 3

Pursuant to the Federal Rules of Civil Procedure, the Court finds that entry of this Order is necessary for the just and more expeditious and efficient resolution of the above-captioned case, MDL 1629, In Re Neurontin Marketing and Sales Practices Litigation. This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

**I.     FILING AND SERVICE OF DOCUMENTS**

Within ten (10) days of the date of this order, counsel for any party desiring to receive service of documents filed with the Court shall register for participation in the Court's Internet-based Electronic Case Files (ECF) system. Unless otherwise directed by the Court, all documents required to be filed with the Court shall be filed and served exclusively through the ECF system, in accordance with the Court's Electronic Case Filing Administrative Procedures. Except as the parties may otherwise agree among themselves, paper copies of documents filed with the Court need not be served on any party. Discovery requests, responses thereto, and other pleadings not required to be filed with the Court shall be served on Defendant's counsel, Plaintiffs' Liaison Counsel, and any other party entitled to service pursuant to Section III.C.2. of the Court's December 16, 2004 Corrected Case Management Order by overnight delivery, or such other method(s) of service as the affected parties may agree among themselves.

## II. DISCOVERY AND DOCUMENTS

### A. Preservation of Documents

All parties acknowledge their responsibilities to take reasonable steps to comply with the law regarding preservation of documents.

### B. Documents

#### 1. Legibility of Documents

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

#### 2. Electronic Format

Any document available in an electronic format shall be so provided in that format, i.e. in a usable electronic format. Where possible, the parties shall endeavor to produce documents in an identical format. If issues regarding compatibility of computer systems and software arise, the parties shall confer to resolve the matters.

#### 3. Documents Produced In *Qui Tam* Action

Parties in this action must produce, in response to any document request, all responsive documents provided by non-parties to any of the parties in the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.). Pursuant to Case Management Order #1 and the Stipulated Protective Order, documents produced by the defendants in the *Franklin* case have been provided to plaintiffs by Mr. Thomas Greene, counsel for the Relator in *Franklin*, and defendants shall have no further obligation to produce those documents.

#### 4. Organization and Labeling

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. No stamps of "confidential" or the like shall obscure the text of the document. All documents shall be produced in their original size.

**C.    Depositions**

Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party desiring to take the deposition of any person shall give reasonable notice in writing to every other party to the action. Pursuant to Federal Rule of Civil Procedure 26(c), prior to making a motion for a protective order, the movant must confer in good faith with the affected parties in an attempt to resolve the dispute or narrow the issues without Court action.

**E.    Limits on Discovery Events**

The Discovery Event Limitations set forth in Local Rule 26.1(c) shall not apply. The limit on the number of interrogatories set forth in Federal Rule of Civil Procedure 33(a) shall not apply. The limit on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A) shall not apply. Pursuant to Federal Rule of Civil Procedure 30(d)(2), unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited to one day of seven hours.

**F.    Supplementation**

The parties shall comply with the supplementation obligations set forth in Federal Rule of Civil Procedure 26(e).

**G.    Privilege**

Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document

produced. There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege, or as required by the Health Insurance Portability and Accountability Act of 1996 or other federal laws, or on the basis that the information is non-responsive and confidential, pursuant to Federal Rule of Civil Procedure 26(c).

## II.  SETTLEMENT DISCUSSIONS

To protect the integrity of the MDL process, counsel for the parties shall notify the Court in writing of any attempts to settle or release any of the claims before this Court in another jurisdiction upon the commencement of such discussions. Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

**SO ORDERED:**

_____
Hon. Patti B. Saris
United States District Judge

Dated: _____