UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF MOTION FOR
ENTRY OF CASE MANAGEMENT ORDER #3**

Defendants Pfizer Inc. and Warner-Lambert Company submit this memorandum in support of their motion for entry of Case Management Order #3 in the form attached hereto as Exhibit A ("CMO3").

**Introduction**

The parties once again have attempted to agree on the terms of a case management order and have come very close to doing so. Pursuant to the Court's instructions, Exhibit B hereto is a composite of the parties' proposals concerning the third case management order. Disputed language is bracketed. The parties are in agreement with respect to all language that is not bracketed. Bracketed language that is not italicized is proposed by Defendants. Bracketed language that is italicized is proposed by Plaintiffs. As Exhibit B indicates, only a handful of issues are in dispute.

## Argument

A.  **First Issue (Sec. II.A.)**
    **Preservation Of Documents**

Defendants propose that CMO3 provide that "All parties acknowledge responsibilities to take reasonable steps to comply with the law regarding preservation of documents." This is the precise language the Court entered in the AWP litigation. Plaintiffs, in contrast, and without any showing of need, ask the Court to impose broad and complex requirements that do not appear to be consistent with existing law.

In view of the extensive authority requiring the preservation of evidence, additional requirements that potentially conflict with existing law would be unwise. Because the proposed additional requirements are not entirely clear, they could lead to needless disputes. Defendants, therefore, ask the Court not to impose more than settled law requires.

B.  **Second Issue (Sec. II.B.4.)**
    **Organization And Labeling**

Plaintiffs want the Court to require all parties to organize and label any documents produced to correspond with the categories of the request in response to which they are produced. This proposed requirement is not consistent with Rule 34(b) and would deprive Defendants of their right to produce documents as they are kept in the ordinary course of business. Defendants object to this proposed deviation from the rule and offer, instead, language that tracks Rule 34(b).

C.  **Third Issue (Sec. II.C.)**
    **Depositions**

Plaintiffs propose procedures for depositions and motions for protective orders with respect to depositions that are different from the procedures under the Federal Rules of Civil

Procedure and the Local Rules. Defendants object to these proposed deviations from the rules and offer, instead, language that tracks the rules.

**D.     Fourth Issue (Sec. II.E.)
        Limits On Duration of Depositions**

Defendants propose that the limit on the duration of a deposition under Rule 30(d)(2) apply, unless otherwise authorized by the Court or stipulated by the parties. This is, of course, a baseline; more time is available, "if needed," under Rule 30(d)(2). Plaintiffs, in contrast, want the baseline to be two days. Defendants object to this deviation from the Federal Rules.

**E.     Fifth Issue (Sec. II.F.)
        Supplementation**

Defendants propose that the provision in CMO3 concerning supplementation of discovery responses track the language of Rule 26(e). Plaintiffs want a requirement that the parties automatically supplement every 90 days. Defendants object to the proposed deviation from Rule 26(e), particularly because it could give rise to disputes, and Plaintiffs have offered no compelling need or purpose for this additional obligation.

**F.     Sixth Issue (Sec. II.G.)
        Redaction Of Documents**

Plaintiffs want the Court to forbid the redaction of material from documents on any basis other than a bona fide claim of a recognized lawful privilege or as required by federal privacy laws. Defendants propose that parties also be able to redact non-responsive, confidential material to the extent it is protected by Rule 26. For example, documents could contain salary or compensation data or even trade secrets unrelated to Neurontin or any issues in this case. Redaction of information such as this would be entirely appropriate.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court enter CMO3 in the form attached hereto as Exhibit A.

Dated: March 10, 2005

PFIZER INC., et uno,

By their attorneys,

s/James P. Rouhandeh
James P. Rouhandeh
James E. Murray
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

-and-

s/David B.Chaffin
David B. Chaffin
BBO No. 549245
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION ) ) ) | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS ) ) ) | Judge Patti B. Saris |

## CASE MANAGEMENT ORDER # 3

Pursuant to the Federal Rules of Civil Procedure, the Court finds that entry of this Order is necessary for the just and more expeditious and efficient resolution of the above-captioned case, MDL 1629, In Re Neurontin Marketing and Sales Practices Litigation. This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

### I. FILING AND SERVICE OF DOCUMENTS

Within ten (10) days of the date of this order, counsel for any party desiring to receive service of documents filed with the Court shall register for participation in the Court's Internet-based Electronic Case Files (ECF) system. Unless otherwise directed by the Court, all documents required to be filed with the Court shall be filed and served exclusively through the ECF system, in accordance with the Court's Electronic Case Filing Administrative Procedures. Except as the parties may otherwise agree among themselves, paper copies of documents filed with the Court need not be served on any party. Discovery requests, responses thereto, and other pleadings not required to be filed with the Court shall be served on Defendant's counsel, Plaintiffs' Liaison Counsel, and any other party entitled to service pursuant to Section III.C.2. of the Court's December 16, 2004 Corrected Case Management Order by overnight delivery, or such other method(s) of service as the affected parties may agree among themselves.

## II. DISCOVERY AND DOCUMENTS

### A. Preservation of Documents

All parties acknowledge their responsibilities to take reasonable steps to comply with the law regarding preservation of documents.

### B. Documents

#### 1. Legibility of Documents

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

#### 2. Electronic Format

Any document available in an electronic format shall be so provided in that format, i.e. in a usable electronic format. Where possible, the parties shall endeavor to produce documents in an identical format. If issues regarding compatibility of computer systems and software arise, the parties shall confer to resolve the matters.

#### 3. Documents Produced In *Qui Tam* Action

Parties in this action must produce, in response to any document request, all responsive documents provided by non-parties to any of the parties in the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.). Pursuant to Case Management Order #1 and the Stipulated Protective Order, documents produced by the defendants in the *Franklin* case have been provided to plaintiffs by Mr. Thomas Greene, counsel for the Relator in *Franklin*, and defendants shall have no further obligation to produce those documents.

#### 4. Organization and Labeling

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. No stamps of "confidential" or the like shall obscure the text of the document. All documents shall be produced in their original size.

**C.      Depositions**

Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party desiring to take the deposition of any person shall give reasonable notice in writing to every other party to the action. Pursuant to Federal Rule of Civil Procedure 26(c), prior to making a motion for a protective order, the movant must confer in good faith with the affected parties in an attempt to resolve the dispute or narrow the issues without Court action.

**E.      Limits on Discovery Events**

The Discovery Event Limitations set forth in Local Rule 26.1(c) shall not apply. The limit on the number of interrogatories set forth in Federal Rule of Civil Procedure 33(a) shall not apply. The limit on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A) shall not apply. Pursuant to Federal Rule of Civil Procedure 30(d)(2), unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited to one day of seven hours.

**F.      Supplementation**

The parties shall comply with the supplementation obligations set forth in Federal Rule of Civil Procedure 26(e).

**G.      Privilege**

Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document

produced. There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege, or as required by the Health Insurance Portability and Accountability Act of 1996 or other federal laws, or on the basis that the information is non-responsive and confidential, pursuant to Federal Rule of Civil Procedure 26(c).

## II.   **SETTLEMENT DISCUSSIONS**

To protect the integrity of the MDL process, counsel for the parties shall notify the Court in writing of any attempts to settle or release any of the claims before this Court in another jurisdiction upon the commencement of such discussions. Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

**SO ORDERED:**

_____
Hon. Patti B. Saris
United States District Judge

Dated: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND ) <br> SALES PRACTICES LITIGATION ) <br> _____) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) <br> _____) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris |

**EXPLANATION OF ATTACHED**
**PROPOSED CASE MANAGEMENT ORDER #3**

The parties have conferred in an attempt to reach agreement with respect to the attached Proposed Case Management Order #3, and extensive progress has been made. In some instances, however, the parties have been unable to agree on the appropriate language. Bracketed text in regular font reflects Defendants' proposed language, while bracketed text in italicized font reflects Plaintiffs' proposed language. The parties have agreed on all non-bracketed text.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE NEURONTIN MARKETING AND ) <br> SALES PRACTICES LITIGATION ) <br> _____ ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL ACTIONS ) <br> _____ ) | MDL Docket No. 1629 <br><br> Master File No. 04-10981 <br><br> Judge Patti B. Saris |

## CONSOLIDATED CASE MANAGEMENT ORDER # 3

Pursuant to the Federal Rules of Civil Procedure, the Court finds that entry of this Order is necessary for the just and more expeditious and efficient resolution of the above-captioned case, MDL 1629, In Re Neurontin Marketing and Sales Practices Litigation. This order shall also apply to related cases later filed in, removed to, or transferred to this Court.

**I.   FILING AND SERVICE OF DOCUMENTS**

Within ten (10) days of the date of this order, counsel for any party desiring to receive service of documents filed with the Court shall register for participation in the Court's Internet-based Electronic Case Files (ECF) system. Unless otherwise directed by the Court, all documents required to be filed with the Court shall be filed and served exclusively through the ECF system, in accordance with the Court's Electronic Case Filing Administrative Procedures. Except as the parties may otherwise agree among themselves, paper copies of documents filed with the Court need not be served on any party. Discovery requests, responses thereto, and other pleadings not required to be filed with the Court shall be served on Defendant's counsel, Plaintiffs' Liaison Counsel, and any other party entitled to service pursuant to Section III.C.2. of the Court's December 16, 2004 Corrected Case Management Order by overnight delivery, or such other method(s) of service as the affected parties may agree among themselves.

## II. DISCOVERY AND DOCUMENTS

### A. Preservation of Documents

[All parties acknowledge their responsibilities to take reasonable steps to comply with the law regarding preservation of documents.]

*[All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to these actions. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, compute and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporation or institutional parties.]*

B.   Documents

   1.   Legibility of Documents

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

   2.   Electronic Format

Any document available in an electronic format shall be so provided in that format, i.e. in a usable electronic format. Where possible, the parties shall endeavor to produce documents in an identical format. If issues regarding compatibility of computer systems and software arise, the parties shall confer to resolve the matters.

   3.   Documents Produced In *Qui Tam* Action

Parties in this action must produce, in response to any document request, all responsive documents provided by non-parties to any of the parties in the civil action *United States of America ex rel. David Franklin v. Parke-Davis, et al.*, C.A. No. 96-11651-PBS (D. Mass.). Pursuant to Case Management Order #1 and the Stipulated Protective Order, documents produced by the defendants in the *Franklin* case have been provided to plaintiffs by Mr. Thomas Greene, counsel for the Relator in *Franklin*, and defendants shall have no further obligation to produce those documents.

   4.   Organization and Labeling

[A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.] [*Documents produced for inspection shall be organized and labeled to correspond*

*with the requests to which they are responsive.]* No stamps of "confidential" or the like shall obscure the text of the document. All documents shall be produced in their original size.

**C.    Depositions**

[Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party desiring to take the deposition of any person shall give reasonable notice in writing to every other party to the action. Pursuant to Federal Rule of Civil Procedure 26(c), prior to making a motion for a protective order, the movant must confer in good faith with the affected parties in an attempt to resolve the dispute or narrow the issues without Court action.]

*[A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition. A responding party may suggest an alternative date no later than seven more working days from the original notice. The parties shall confer in good faith. Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days.]*

**E.    Limits on Discovery Events**

The Discovery Event Limitations set forth in Local Rule 26.1(c) shall not apply. The limit on the number of interrogatories set forth in Federal Rule of Civil Procedure 33(a) shall not apply. The limit on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A) shall not apply. [Pursuant to Federal Rule of Civil Procedure 30(d)(2), unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited to one day of seven hours.] *[Unless otherwise authorized by the Court or stipulated by the parties, depositions shall be limited to two (2) business days of seven (7) hours each by the deposing parties.]*

F.  **Supplementation**

[The parties shall comply with the supplementation obligations set forth in Federal Rule of Civil Procedure 26(e).] *[The supplementation of responses required by Federal Rule of Civil Procedure 26(e) shall be made by the parties ninety days from the date of the initial disclosures, and every ninety days thereafter.]*

G.  **Privilege**

Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced. There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege, or as required by the Health Insurance Portability and Accountability Act of 1996 or other federal laws [or on the basis that the information is non-responsive and confidential, pursuant to Federal Rule of Civil Procedure 26(c)]

II.  **SETTLEMENT DISCUSSIONS**

To protect the integrity of the MDL process, counsel for the parties shall notify the Court in writing of any attempts to settle or release any of the claims before this Court in another jurisdiction upon the commencement of such discussions. Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

**SO ORDERED:**

_____
Hon. Patti B. Saris
United States District Judge

Dated: _____