UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' STATEMENT RE CONSOLIDATED CASE MANAGEMENT ORDER #3**

The Plaintiffs' Steering Committee respectfully submits this Statement Re Consolidated Case Management Order #3, solely to address those matters on which they have not been able to come to complete agreement with defendants.

## II-A.   Preservation of Documents[1]

The language proposed by Plaintiffs is lifted verbatim from paragraph 13 of Pretrial Order #1, entered *sua sponte* by Judge Fallon in *In re Vioxx Products Liability Litigation*, MDL No. 1657, a copy of which has previously been provided to the Court.  Defendants' proposal, which would merely remind the parties of their duty to preserve evidence, but is utterly silent on what those duties are, is a poor substitute.  Indeed, the Federal Judicial Center recommends adoption of a far more extensive document preservation order in its *Manual for Complex Litigation, Fourth* (2004), § 40.25 (p.746-48), a copy of which is attached hereto as Exhibit A for the Court's reference.

---

[1] For ease of reference, heading numbers correspond to the heading numbers of the disputed provisions in the Consolidated Case Management Order #3.

**II-B-4.  Organization and Labeling of Documents**

In their previous case management conference statement, Plaintiffs requested that the Court require that a party producing documents provide an index stating generally the types of documents contained within each box (or similar volume) of documents produced.  Mindful of the Court's stated concerns, Plaintiffs have narrowed their request to require that documents produced be "organized and labeled to correspond with the requests to which they are responsive," language taken directly from Fed. R. Civ. P. 34(b).  While the rule permits parties to produce documents for inspection "as they are kept in the usual course of business," this becomes relatively meaningless in a case such as this, where the total production may approach or exceed one million pages.  *See* Judge William W. Schwarzer, *Federal Civil Procedure Before Trial*, § 11:1944 (2004) ("If the responding party produces a truckload of documents, saying "this is how they are kept," the requesting party may seek an order to segregate the documents into categories.").

**II-C.    Depositions**

Defendants' proposed language, that "reasonable" notice must be given of depositions, and that the parties must meet and confer before filing a motion for protective order, is utterly superfluous, as it merely repeats clearly stated requirements of Fed. R. Civ. P. 26(c) and 30(b)(1).  Plaintiffs' proposal is taken verbatim from an order entered by this Court in the In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456 ("AWP").  Plaintiffs' proposal would establish clear deadlines – parties must give each other 21 days notice of depositions; other parties have seven business days thereafter to propose alternative dates; and motions for protective orders must be filed a minimum of five business days before scheduled depositions, with responses to such motions due two business days thereafter.  Plaintiffs are

informed that this timetable has worked quite well in AWP, by providing clear guidance to all concerned of the applicable deadlines, avoiding incessant disputes over whether the notice given was sufficiently "reasonable" and the filing of motions for protective order on the eve of depositions, as Plaintiffs are informed occurred in the *Franklin* matter.

**II-E.   Duration of Depositions**

Plaintiffs propose that deposing parties have up to two days to depose each witness, as the Court has ordered in AWP. This limit is more than reasonable, given both the complexity of the case and Defendants' refusal to stipulate to the authenticity and admissibility of their own documents. Plaintiffs anticipate that depositions of witnesses designated by corporate parties pursuant to Fed. R. Civ. P. 30(b)(6) will require more than two days, based on the experience of counsel in the *Franklin* matter, and will seek relief accordingly, absent agreement with Defendants.

**II-F.   Supplementation of Initial Disclosures and Discovery Responses**

Defendants' proposal, which merely requires parties to supplement their initial disclosures and discovery responses in accordance with Fed. R. Civ. P. 26(e), is superfluous, and fails to provide required guidance. Rule 26(e)(1) requires that parties supplement their initial disclosures "at appropriate intervals," and Rule 26(e)(2) requires that responses to discovery requests be amended "seasonably." The Advisory Committee recommends that "the scheduling order . . . specify the time or times when supplementation should be made." Advisory Committee Notes, 1993 Amendments, Rule 26, Subdivision (e). Plaintiffs propose that this supplementation occur every 90 days.

**II-G.   Privilege and Redactions**

Defendants propose that they be permitted to redact from otherwise responsive documents *non*-privileged information which is "non-responsive and confidential."  Non-responsiveness of a portion of a document is not a valid basis for redaction, and a Stipulated Protective Order is already in place which will adequately protect any confidential information from public disclosure.  Given the extremely broad definition of "Confidential Information" contained in that order – which includes many matters of great interest to Plaintiffs – it would be a corruption of the adversary process to permit Defendants to make such redactions.

**MEDIATORS**

At the February 24, 2005 status conference, the Court asked the parties to attempt to agree on a mediator, and the parties stated that they would confer and report back to the Court in two weeks.  Defendants have declined to discuss potential mediators at this time, on the ground that mediation is premature.

Dated:  March 10, 2005                                  Respectfully Submitted,

                              By:      **/s/ Barry Himmelstein**
                                      Barry Himmelstein, Esquire
                                      Lieff Cabraser Heimann & Bernstein
                                      Embarcadero Center West
                                      275 Battery Street, 30th Floor
                                      San Francisco, CA 94111-3339

By: **/s/ Thomas M. Sobol**
Thomas M. Sobol
Hagens Berman, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

By: **/s/ Don Barrett**
Don Barrett, Esquire
Barrett Law Office
404 Court Square North
P.O. Box 987
Lexington, MS 39095

By: **/s/ Daniel Becnel**
Daniel Becnel, Jr., Esquire
Law Offices of Daniel Becnel, Jr.
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

By: **/s/ James R. Dugan, II**
James R. Dugan, II, Esquire
Dugan & Browne, PLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

By: **/s/ Thomas Greene**
Thomas Greene, Esquire
Greene & Hoffman
125 Summer Street
Boston, MA 02110

**Members of the Class Plaintiffs'
Steering Committee**

|      |                                  |
|------|----------------------------------|
| By:  | **/s/ Richard Cohen**            |
|      | Richard Cohen, Esquire           |
|      | Lowey Dannenberg Bemporad        |
|      | & Selinger, P.C.                 |
|      | The Gateway                      |
|      | One North Lexington Avenue       |
|      | White Plains, NY 10601           |
| By:  | **/s/ Linda P. Nussbaum**        |
|      | Linda P. Nussbaum, Esquire       |
|      | Cohen Milstein Hausfeld & Toll   |
|      | 150 East 52nd Street        |
|      | Thirteenth Floor                 |
|      | New York, NY 10022               |

**Members of the Plaintiffs' Non-Class Steering Committee**

# EXHIBIT A

40.25 Preservation of Documents, Data, and Tangible Things

[Caption]

Interim Order Regarding Preservation

[The primary purpose of this order is to have the parties meet and confer to develop their own preservation plan. If the court determines that such a conference is unnecessary or undesirable, paragraph 3, Duty to Preserve, may be modified to serve as a stand-alone preservation order.]

1. Order to Meet and Confer

To further the just, speedy, and economical management of discovery, the parties are ORDERED to meet and confer as soon as practicable, no later than 30 days after the date of this order, to develop a plan for the preservation of documents, data, and tangible things reasonably anticipated to be subject to discovery in this action. The parties may conduct this conference as part of the Rule 26(f) conference if it is scheduled to take place within 30 days of the date of this order. The resulting preservation plan may be submitted to this Court as a proposed order under Rule 16(e).

2. Subjects for Consideration

The parties should attempt to reach agreement on all issues regarding the preservation of documents, data, and tangible things. These issues include, but are not necessarily limited to:

(a) the extent of the preservation obligation, identifying the types of material to be preserved, the subject matter, time frame, the authors and addressees, and key words to be used in identifying responsive materials;

(b) the identification of persons responsible for carrying out preservation obligations on behalf of each party;

(c) the form and method of providing notice of the duty to preserve to persons identified as custodians of documents, data, and tangible things;

(d) mechanisms for monitoring, certifying, or auditing custodian compliance with preservation obligations;

(e) whether preservation will require suspending or modifying any routine business processes or procedures, with special attention to document-management programs and the recycling of computer data storage media;

(f) the methods to preserve any volatile but potentially discoverable material, such as voicemail, active data in databases, or electronic messages;

(g) the anticipated costs of preservation and ways to reduce or share these costs; and

(h) a mechanism to review and modify the preservation obligation as discovery proceeds, eliminating or adding particular categories of documents, data, and tangible things.

3. Duty to Preserve

(a) Until the parties reach agreement on a preservation plan, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel is under an obligation to exercise reasonable efforts to identify and notify such nonparties, including employees of corporate or institutional parties.

(b) "Documents, data, and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages;

      voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

(c) "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

(d) If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials, the party must, to the extent practicable for the pendency of this order, either

    (1) halt such business processes;

    (2) sequester or remove such material from the business process; or

    (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

(e) Before the conference to develop a preservation plan, a party may apply to the court for further instructions regarding the duty to preserve specific categories of documents, data, or tangible things. A party may seek permission to resume routine business processes relating to the storage or destruction of specific categories of documents, data, or tangible things, upon a showing of undue cost, burden, or overbreadth.

## 4. Procedure in the Event No Agreement Is Reached

If, after conferring to develop a preservation plan, counsel do not reach agreement on the subjects listed under paragraph 2 of this order or on other material aspects of preservation, the parties are to submit to the court within three days of the conference a statement of the unresolved issues together with each party's proposal for their resolution of the issues. In framing an order regarding the preservation of documents, data, and tangible things, the court will consider those statements as well as any statements made in any applications under paragraph 3(e) of this order.

Entered this ____ day of ____, 20____                 _____
                                                                     United States District Court Judge