UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re Neurontin Marketing and Sales Practice Litigation | ) ) ) ) ) ) ) ) | MDL Docket No. 04-MDL-1629 |
| THIS DOCUMENT RELATES TO: |  | Master File No. 04-10981 |
| ALL CLASS ACTIONS |  | Judge Patti B. Saris |

**REPLY OF BAUDA VAUDA LEE SUTTON TO OPPOSITION
OF CLASS PLAINTIFFS' STEERING COMMITTEE TO
MOTION FOR APPOINTMENT OF TENNESSEE LEAD COUNSEL**

**NOW INTO COURT** comes Bauda Vauda Lee Sutton ("Sutton"), Plaintiff in *Sutton v. Pfizer, Inc., et al.,* No. 2:04-CV-337 (E.D. Tenn.), by and through her counsel, and submits this reply to the "Opposition of Class Plaintiffs' Steering Committee to Motion for Appointment of Tennessee Lead Counsel."

Sutton has moved this Court for an order appointing her counsel, Gordon Ball, as lead counsel for Tennessee class members. The Class Plaintiffs' Steering Committee ("CPSC") oppose her motion, stating that they can adequately represent Sutton and other Tennessee consumers, and that certain allegations contained in the complaint in *Sutton v. Pfizer, Inc., et al* demonstrate that Ball cannot. Specifically, in opposing Sutton's request to appoint Ball as Tennessee Lead Counsel, the CPSC maintains that this litigation does not involve antitrust violations; rather, they describe this action as a "fraud case."

However, this assertion ignores the fact that Sutton filed her action under both the Tennessee Consumer Protection Act and the Tennessee Trade Practices Act. As demonstrated by previous filings in this action, Sutton's counsel has a long history of

1

involvement in and prosecution of both consumer protection and antitrust class actions in Tennessee.  While this case may be more accurately described as a "fraud" case, and not as a "classic" example of an antitrust case, the fact is that the TTPA is unusually broad in its reach and the statute applies to conduct which other state antitrust statutes may not reach.

Just because the plaintiffs' in this litigation assert violations of consumer protection laws does not necessarily mean that a defendant is not liable for antitrust violations as well.  In other words, the statutes are not mutually exclusive.   Under the TTPA, if it is alleged that a plaintiff paid a higher price for a product, an antitrust violation may exist.

For instance, the plain language of the TTPA bars any agreement between persons or corporations which might "advance, reduce, or control the price" of any product or article.  *See* T.C.A. § 47-25-101.  Significantly, some of the allegations which are at the crux of this litigation include allegations that the Defendants entered into agreements with doctors whereby those doctors were paid illegal kickbacks to write a high number of prescriptions for Neurontin for Off-Label purposes.  *See* Sutton's Complaint, at ¶45.  These actions of the Defendants were plainly taken in an attempt to "lessen or tend to lessen" market competition to Neurontin and increase the sale of the drug and the price paid by consumers.  If proven, Sutton and her counsel believe those actions would violate the TTPA.

Finally, the CPSC's argument is actually more appropriately made under Rule 12(b)(6), since it addresses whether Sutton has stated a claim under the TTPA.

In conclusion, the CPSC's suggestion that Sutton's counsel is somehow inadequate to serve as Tennessee Class Counsel because he alleged a violation of the TTPA in her complaint is unavailing. While the allegations made in this litigation do not depict a "classic" antitrust case, they are more than sufficient to state a claim under Tennessee's antitrust statute.

Sutton would respectfully submit that the Court should appoint her counsel as Tennessee Class Counsel. Sutton relies upon her original motion and supporting brief.

Respectfully submitted, this 15th day of March, 2005.

__/s/___//Gordon Ball//_____
Gordon Ball
Ball & Scott
550 W. Main Avenue, Suite 750
Knoxville, TN  37902

*Attorney for Bauda Vauda Lee Sutton*

## CERTIFICATE OF SERVICE

       The undersigned certifies that he has this date served a copy of the foregoing pleading upon counsel of record for all parties at interest in this cause by delivering a copy thereof to each attorney personally, by delivering a copy thereof to each attorney through the electronic case filing system of this Court, or by delivering a copy thereof in the United States Mail addressed to said counsel with sufficient postage thereon to carry the same to its destination.

Joel T. Galanter
Stokes, Bartholomew, Evans & Petree PA
424 Church Street
Suite 2800
Nashville, TN 37219

Shelly L. Wilson
Robertson & Overbey
Suite 802, The Farragut Building
530 South Gay Street
Knoxville, TN 37902-1537

This 15th day of March, 2005.

                                              ___/s/_//Gordon Ball//_____
                                              Gordon Ball