UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re Neurontin Marketing and Sales Litigation | ) ) ) ) | MDL Docket No. 04-MDL-1629 Case No. 1:04-cv-12625-PBS |

**MEMORANDUM IN SUPPORT OF MOTION TO
SET ASIDE ORDER ENTERED APRIL 25, 2005 DENYING
MOTION FOR APPOINTMENT OF TENNESSEE LEAD COUNSEL**

**NOW INTO COURT** comes Bauda Vauda Lee Sutton, Movant, and Plaintiff in *Sutton v. Pfizer, Inc.*, E.D. TN, No. 2:04-CV-337, by and through counsel, and submits the following memorandum in support of the foregoing "Motion to Set Aside Order Entered April 25, 2005 Denying Motion for Appointment of Tennessee Lead Counsel."

### I.     INTRODUCTION

Movant's counsel filed a Motion for Appointment of Tennessee Lead Counsel [Doc. 37], requesting oral argument. [Doc. 39]. Although a hearing was scheduled by the Court on March 16, 2005, for unexplained reasons, Movant's counsel never received such notice, electronically or otherwise. Consequently, Movant's counsel did not appear at the hearing on his motion on April 25, 2005.

The record will show that Movant's counsel, Gordon Ball, had previously registered with the Court's ECF system ("filings@ballandscott.com"), and that he is also listed on the Court's service list. Ball had also been served electronically in the past with certain filings in this case.

Ball did not learn of a hearing on his motion until on or about 4:00 p.m. ET on April 25, 2005, when his office received a telephone call from Judge Saris' office inquiring into his whereabouts. Ball's office learned that the hearing on the motion was scheduled for 3:30 p.m. ET, and that the Court was *waiting* for Ball to arrive. The Court was informed that Ball was not in Boston nor in route to Boston.

Upon investigation, it was determined that the hearing was not listed on any calendar in Ball's office or on his personal calendar, nor did anyone in Ball's office have knowledge relative to the scheduling of the hearing for that or any other date. In addition, Ball's office learned that a notice of hearing was filed on March 16, 2005 setting the hearing for April 25, 2005, but a search by them was undertaken of the office's own electronic-filing system, and the March 16, 2005 notice was not located, nor was any other notice located showing that the hearing was scheduled for April 25, 2005. Finally, while a computer log of case activity in Ball's office shows that Ball received nine (9) documents relative to this action during the entire month of March 2005, none of those documents put Ball on notice that a hearing on his motion was scheduled, much less that the hearing was set for April 25, 2005. In short, Ball's office did not receive any notice whatsoever of the April 25, 2005 hearing on his motion for appointment as Tennessee lead counsel. On April 25, 2005, this Court entered an order denying the motion for appointment of Tennessee lead counsel.

Movant respectfully submits that the foregoing demonstrates sufficient facts to warrant entry of an order setting aside the order denying the motion for appointment of Tennessee lead counsel , and setting a new date for a hearing on that motion.

## II.   LEGAL ARGUMENT

"Courts have inherent power to modify their interlocutory orders before entering a final judgment." *Balla v. Idaho State Board of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989). "In addition, the Federal Rules of Civil Procedure explicitly grant courts the authority to modify their interlocutory orders." *Id.* (citing Fed. R. Civ. P. 54(b) (any order which is not certified under Rule 54(b) and which adjudicates fewer than all the claims as to all the parties "is subject to revision at any time before the entry of [final] judgment"). Thus, until a judgment is final, an order "remain[s] subject to reconsideration and revision either by the same judge, a successor judge or a different judge to whom the case might be assigned." *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970).

Under Rule 54(b), this Court may set aside its order of April 25, 2005 and schedule a hearing on the underlying motion. Accordingly, in view of the facts presented by the foregoing motion, specifically, Ball's lack of notice of the hearing on April 25, 2005, the April 25, 2005 order should be set aside and a new hearing scheduled.

Respectfully submitted, this 4th day of May, 2005.

          __/s/___ //Gordon Ball//_____
          Gordon Ball
          Ball & Scott
          550 W. Main Avenue, Suite 750
          Knoxville, TN 37902
          (865) 525-7028

*Attorney for Bauda Vauda Lee Sutton*

## CERTIFICATE OF SERVICE

I, Gordon Ball, do hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This 4th day of May, 2005.

                                                    ___/s/_//Gordon Ball//_____
                                                    Gordon Ball