# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:  NEURONTIN MARKETING AND<br><br>SALES PRACTICES LITIGATION | MDL Docket No. 1629<br><br>Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

### *ASSURANT* PLAINTIFFS' STATUS REPORT AND PROPOSED AGENDA FOR MAY 13, 2005 SCHEDULING CONFERENCE

*Assurant* Plaintiffs[1] propose the following agenda items for the Scheduling Conference on May 13, 2005:

### 1.   *Assurant* Plaintffs' Pending Motion To Remand

As the Court is aware, *Assurant* Plaintiffs have a pending motion to remand their case to state court.  This motion was filed on January 27, 2005, and was fully briefed prior to the transfer of this case to MDL 1629.  Plaintiffs are prepared to present oral arguments related to this motion either at the Scheduling Conference on May 13, 2005, or at a time otherwise set by the Court.  The *Assurant* Plaintiffs request an opportunity to be heard.

---

[1] Unless otherwise specified, "*Assurant* Plaintiffs" refers to the Plaintiffs in *Assurant Health, Inc. et al. v. Pfizer Inc., et al.*, No. 1:05-cv-10535-PBS: ASSURANT HEALTH, INC., and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. and its subsidiaries and affiliates and their self-funded plans; LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS BLUE SHIELD OF MASSACHUSETTS and its self-funded plans; BLUE CROSS BLUE SHIELD OF MICHIGAN and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS BLUE SHIELD OF MINNESOTA and its subsidiaries and affiliates and their self-funded plans; GROUP HEALTH SERVICE OF OKLAHOMA, INC. and its subsidiaries and affiliates; CAREFIRST, INC. and its subsidiaries and affiliates and their self-funded plans; EXCELLUS HEALTH PLAN, INC. and its subsidiaries and affiliates and their self-funded plans; FEDERATED MUTUAL INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; HEALTH CARE SERVICE CORPORATION, on behalf of itself and its Illinois, New Mexico and Texas Divisions and their self-funded plans; MUTUAL OF OMAHA INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; TRUSTMARK INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; and WELLCHOICE, INC., and its subsidiaries and affiliates and their self-funded plans.

## 2. Need For Separate Scheduling Order in Light of the *Assurant* Plaintiffs' Unique Causes of Action and Case Theories

If the *Assurant* Plaintiffs' remand motion is denied or the Court postpones a ruling, the *Assurant* Plaintiffs request a separate case management order reflecting the legitimate need for case-specific discovery. The *Assurant* Plaintiffs allege purely state law causes of action, allege anti-competitive conduct as to marketing activities, allege no RICO claims, etc. – claims markedly different from the other Plaintiffs before the Court. Different discovery will be required and the *Assurant* Plaintiffs should have an opportunity to frame and pursue that discovery.

The Judicial Panel on Multidistrict Litigation has sent a number of types of cases to this Court. To address these various types of cases, this Court already has established separate case management schedules. Additionally, the Plaintiffs' Steering Committee and Defendant Pfizer apparently have agreed to the establishment of a third schedule for the purpose of managing the product liability cases that have now been transferred to this MDL proceeding. The *Assurant* Plaintiffs request that the Court provide the same flexibility and authority for them to conduct discovery, that is proposed for the product liability cases.

Without the establishment of a separate case management schedule for the *Assurant* Plaintiffs' causes of action, they will be precluded from obtaining the discovery necessary for the trial of their case and suffer severe prejudice.

Contrary to the suggestion in Plaintiffs' Steering Committee's Memorandum in Support of Defendants' Motion to Stay,[2] the instant case differs from the New Jersey case that has been

---

[2] The *Assurant* Plaintiffs do not understand the rationale of the Steering Committee's Memorandum in support of Defendants' Emergency Motion—a motion on which the Court already ruled over five weeks ago. The *Assurant* Plaintiffs had understood and still understand that this motion was and is no longer pending. However, if Defendants' Emergency Motion is still pending, then the *Assurant* Plaintiffs request an opportunity to brief their opposition to that motion. That opposition would be based on a number of reasons including the information not provided to this Court that Defendants had agreed, on March 14, 2005, in a hearing before New Jersey Magistrate

stayed.  The *Assurant* Plaintiffs anti-trust theories depend on their allegations that Defendants' anti-competitive scheme was supported fully by their marketing activities including advertising. The *Assurant* Plaintiffs' causes of action and case theories cannot be segregated into separate categories of "marketing and sales" and "antitrust."

The *Assurant* Plaintiffs point out:

- Significant evidentiary support for the *Assurant* Plaintiffs' case theory, which underlies each of the *Assurant* Plaintiffs' causes of action, can be found in Defendant Pfizer's criminal plea agreement in which it admitted that the marketing campaign at issue in this MDL proceeding was intended to undermine generic competition and to leverage Neurontin's market share for its follow-on product, Lyrica.  It is well-settled law that anticompetitive conduct may implicate both antitrust laws and state deceptive trade practices statutes.

- If remand is not allowed, the *Assurant* Plaintiffs are entitled to proceed here. Defendant Pfizer itself selected this MDL proceeding as the forum where the *Assurant* Plaintiffs' causes of action should be litigated.  Even if it was permissible to force a party to divide their causes of action and litigate their case in numerous venues (a contention for which the Steering Committee provided no legal authority), Defendant Pfizer itself never sought any separation of the *Assurant* Plaintiffs' causes of action.  It merely requested that this case be transferred to this MDL, not MDL 1479.  Obviously, Defendant Pfizer believed, at that time, that the *Assurant* Plaintiffs' causes of action should be coordinated with this proceeding, not any others.

- The Plaintiffs' Steering Committee ignore that the *Assurant* Plaintiffs, in numbers alone, represent over 85% of the health benefit plans in this MDL proceeding.  On these facts, fairness requires at a minimum that the *Assurant* Plaintiffs have a reasonable opportunity to conduct discovery and a meaningful decision-making role in the taking of discovery.

- The Plaintiffs' Steering Committee has a conflict with the interests of the *Assurant* Plaintiffs as evidenced by:  the Plaintiffs' Steering Committee suggestion that the *Assurant* Plaintiffs' antitrust claims be barred or withdrawn or stayed, their failure to consult, or even contact the *Assurant* Plaintiffs' counsel before their submission regarding the management of the *Assurant* Plaintiffs' causes of action, their failure to provide the documents produced by Defendant Pfizer in the *Franklin* case to the *Assurant* Plaintiffs' counsel (requested almost two months ago), and their unilateral extension of their opposition to Defendant Pfizer's Motion to Dismiss certain actions pending in this MDL proceeding to all actions pending in this proceeding and refusal to correct that statement.

Judge Arleo, that they would answer or otherwise respond to the *Assurant* Plaintiffs' Complaint either ten (10) days after its transfer to this MDL proceeding or April 15, 2005, whichever occurred first.  (cite Arleo order).

20135204-1

- Contrary to the claim of the Plaintiffs' Steering Committee, they cannot represent the *Assurant* Plaintiffs' interests in connection with anti-trust "marketing and sales allegations" when the causes of action "represented" by the current Plaintiffs' Steering Committee do not include any antitrust causes of action.

As a result of all of these factors, if their remand motion is denied, the *Assurant* Plaintiffs seek a separate case management order to permit them to frame and conduct the discovery necessary for them to be prepared for the trial of their causes of action.

### 3. Need for *Assurant* Plaintiffs To Be Heard on Motion To Dismiss and For Leave To File An Amended Complaint

Defendant Pfizer and Warner-Lambert's ("Defendants") pending motion to dismiss is limited to the Amended Class Complaint and *Aetna, Inc. v. Pfizer Inc.* and *The Guardian Life Insurance Company of America v. Pfizer Inc.* Despite differences between these causes of action and *Assurant* Plaintiffs' Complaint, there are four common issues of law or fact that may indirectly impact *Assurant* Plaintiffs' case and claims. First, Defendants claim that health benefit plans, like *Assurant* Plaintiffs, cannot establish causation to assert violations of state consumer protection and deceptive trade practices statutes. Second, Defendants argue that health benefit plans, like *Assurant* Plaintiffs, do not have standing to seek redress for violations of the New Jersey Consumer Fraud Act. Third, Defendants invoke the First Amendment for the claim that pharmaceutical companies are immune from any state common-law or statutory cause of action for commercial speech. Fourth, Defendants claim that the Food, Drug & Cosmetic Act preempts all state-law claims. Plaintiffs understandably request an opportunity to brief and be heard on these issues.

The *Assurant* Plaintiffs seek permission to intervene solely for the purpose of briefing and arguing these four issues, without, in any way, waiving their pending motion to remand. In the alternative, *Assurant* Plaintiffs seek permission to brief and argue these four issues as *amici*

20135204-1

*curiae*.  Plaintiffs' Liaison Counsel has consented to *Assurant* Plaintiffs' motion to intervene. Defendants' counsel, however, has not consented.

The *Assurant* Plaintiffs also intend to file an Amended Complaint, which will add additional state-law causes of action and parties.  *Assurant* Plaintiffs have asked Defendants whether they would accept service of their Amended Complaint, but Defendants have refused even though they have yet to respond to the *Assurant* Plaintiffs' original Complaint.

DATED:  May 13, 2005.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By:     /s/ James S. Harrington
James S. Harrington (# 543744)
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel.: 617.267-2300
Fax: 617.267.8288

Annamarie A. Daley (#158112)
Mark Ireland (#0303690)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel.:  (612) 349-8500
Fax:  (612) 339-4181

***Attorneys for Assurant Plaintiffs***