UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: NEURONTIN MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1629 |
| | Master File No. 04-10981 |
| THIS DOCUMENT RELATES TO: | *Assurant* File No. 05-10535 |
| ASSURANT HEALTH, INC., ET AL. v. PFIZER, INC., ET AL., NO. 05-10535 | Judge Patti B. Saris |

### *ASSURANT* PLAINTIFFS' STATUS REPORT AND REQUEST THAT THIS COURT ISSUE A SUGGESTION OF REMAND TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

On Friday, May 17, 2005, the Court requested that *Assurant* Plaintiffs[1] provide information to the Court regarding pretrial management issues, including advising the Court whether they would agree to a dismissal or a sever and stay of the antitrust claims implicated by their Complaint. This Status Report is submitted in response to that request.

If *Assurant* Plaintiffs' pending motion to remand to New Jersey state court is denied, *Assurant* Plaintiffs cannot dismiss their antitrust claims or agree to a sever and stay. Instead, *Assurant* Plaintiffs request that the Court issue a suggestion to the Judicial Panel on Multidistrict Litigation ("the Panel") that would recommend their action be returned to the transferor court in

---

[1] Unless otherwise specified, "*Assurant* Plaintiffs" refers to the Plaintiffs in *Assurant Health, Inc. et al. v. Pfizer Inc., et al.*, No. 1:05-cv-10535-PBS: ASSURANT HEALTH, INC., and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. and its subsidiaries and affiliates and their self-funded plans; LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS BLUE SHIELD OF MASSACHUSETTS and its self-funded plans; BLUE CROSS BLUE SHIELD OF MICHIGAN and its subsidiaries and affiliates and their self-funded plans; BLUE CROSS BLUE SHIELD OF MINNESOTA and its subsidiaries and affiliates and their self-funded plans; GROUP HEALTH SERVICE OF OKLAHOMA, INC. and its subsidiaries and affiliates; CAREFIRST, INC. and its subsidiaries and affiliates and their self-funded plans; EXCELLUS HEALTH PLAN, INC. and its subsidiaries and affiliates and their self-funded plans; FEDERATED MUTUAL INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; HEALTH CARE SERVICE CORPORATION, on behalf of itself and its Illinois, New Mexico and Texas Divisions and their self-funded plans; MUTUAL OF OMAHA INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; TRUSTMARK INSURANCE COMPANY, and its subsidiaries and affiliates and their self-funded plans; and WELLCHOICE, INC., and its subsidiaries and affiliates and their self-funded plans.

20136179-1

its entirety. Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides that the Panel may remand a transferred action upon the suggestion of the transferee court. *See* R.P.J.P.M.L. 7.6. The Panel also gives great deference to the transferee court's suggestion. *Id.* ("The Panel is reluctant to order remand absent suggestion of remand from the transferee district court.").

Not every cause of action, despite the existence of common facts, should be managed through an MDL proceeding and sometimes the purposes underlying Section 1407 "can be best achieved by leaving each action alone." *In re Deering Milliken Patent Litig.*, 476 F.Supp. 461, 464 (J.P.M.L. 1979). A transferee court has the authority to suggest to the Panel that the presence of certain civil actions would be "inefficient, awkward, and tend to interfere" with the existing case management orders, and, thus, recommend that the civil actions be returned to the transferor court. *See In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 255 (J.P.M.L. 1976).

In this case, Defendant Pfizer at first requested that the Panel transfer *Assurant* Plaintiffs' case to MDL 1629 as a "tag-along action."[2] Then, after *Assurant* Plaintiffs had withdrawn their objection to the transfer, Defendant Pfizer filed a statement with this Court claiming that the active presence of *Assurant* Plaintiffs in MDL 1629 would "disrupt all" of the procedures, schedules, and personnel that have been approved by the Court.[3]

To resolve this alleged "disruption," Defendant Pfizer has asked that *Assurant* Plaintiffs' Complaint be divided into two categories: (1) antitrust, and (2) sales and marketing. However, both the plain language of the statute authorizing the coordination of multidistrict litigation and

---

[2] (Letter from Defendant Pfizer to the Panel, dated January 11, 2005)
[3] (*Assurant Health, Inc. et al. v. Pfizer, Inc. et al.*, No. 05-10535, Defendant Pfizer's Memorandum In Support of Emergency Motion For Stay Or, In The Alternative For Enlargement Of Time at 8 (March 25, 2005)).

20136179-1

prior decisions by the Panel are clear--- a transferee court cannot sever issues within a single claim for relief. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 488 (J.P.M.L.1968).

Civil actions have a definite meaning under the federal rules, and, unlike Fed. R. Civ. P. 42, neither the Panel nor the transferee court have the statutory authority to separate issues within a particular civil action or claim for relief. *Id.*; *See also In re A.H. Robins Co., Inc.*, 610 F.Supp. 1099, 1101 (J.P.M.L. 1995)("To the extent, however, that the motion essentially seeks transfer of certain class action issues now pending in the Eastern District of Virginia to the District of Kansas, the motion must be denied. The Panel does not have power to separate issues in civil actions, assigning one or more to the transferee court and one or more to transferor courts."); *Cf. In re Data Gen. Corp. Antitrust Litig.*, 510 F.Supp. 1220,1227 (J.P.M.L. 1979)(maintaining jurisdiction over civil action because the antitrust, patent, and trade secret actions involved "intertwined" factual issues with the marketing of complex computer technology).

Here, *Assurant* Plaintiffs' theory of the case cannot be separated into antitrust and sales and marketing categories. For example, *Assurant* Plaintiffs' allege a leveraging theory based, in part, on Defendant Pfizer's criminal plea agreement. Defendant Pfizer admitted, as part of that agreement, that the sales and marketing practices at issue in MDL 1629 were principally motivated by its intent to undermine generic competition and leverage Neurontin's market share for its follow-on product, pregabalin, which is marketed under the brand-name Lyrica.[4] These

---

[4] Defendant Pfizer admitted the following:

> One of the principal factors WARNER-LAMBERT considered in determining whether to seek approval for Neurontin for other uses was the short patent protection available for Neurontin. Another factor was the negative impact such approval might generate on potential sales of another drug that WARNER-LAMBERT had been developing. The company expected this new drug would be approved by FDA not only for epilepsy but also for a variety of uses beyond Neurontin's Approved Use.
>
> Once Neurontin's patent expired, other companies could seek approval to distribute generic equivalents of Neurontin. Such approval, however, would be limited to the approved therapeutic use for Neurontin set fort in WARNER-LAMBERT's original NDA approval for Neurontin. If WARNER-LAMBERT sought and obtained approval for any of the Unapproved Uses, then upon

admissions provide the bases for *Assurant* Plaintiffs' leveraging theory, and prosecution of this theory is inextricably intertwined with discovery and analysis of Defendant Pfizer's false, deceptive, and misleading sales and marketing practices. While a transferee court has the statutory authority to sever truly separate claims for relief, it is improper to sever issues *within* those claims for relief. *Assurant* Plaintiffs cannot separate or sever the sales and marketing issues that are within its antitrust claims for relief, and cannot separate or sever the antitrust issues or anticompetitive conduct that are within its state deceptive trade practices claims.

*Assurant* Plaintiffs' Complaint is best left alone. By returning their civil action to the transferor court, *Assurant* Plaintiffs would have an opportunity to pursue and defend the unique causes of action and theories advanced in their Complaint. Such a transfer would not burden Defendants, since Defendants had already obtained counsel in New Jersey, the cause of action arose from conduct originating in New Jersey, and all of the Defendants either reside or have a substantial presence in New Jersey. Judge Pisano and the parties also could coordinate the activities in this civil action with MDL 1629 in an effort to prevent the duplication of discovery or inconsistent substantive rulings.

Staying *Assurant* Plaintiffs' Complaint does not further the underlying purpose of the multidistrict litigation statute. The underlying purpose of the multidistrict litigation statute is to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The Panel cautions MDL courts to prevent civil actions that are transferred to it from "entering some black hole, never to be seen again." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 423

---

expiration of the patent, generic equivalents of Neurontin could also be sold for those Unapproved Uses. WARNER-LAMBERT was concerned that under those circumstances the generic equivalents would undermine sales of the new drug that was under development.

*United States of America v. Warner-Lambert Company L.L.C.*, No. 04-10150, *Information* at ¶¶ 17-18 (May 13, 2004) (all aspects of the information were admitted by Defendant Pfizer as part of the plea agreement and at the sentencing hearing); *See also United States of America v. Warner-Lambert Company L.L.C.*, No. 04-10150, *Sentencing Memorandum of the United States* at 20 (June 2, 2004) ("It is this combination of choices, exploiting the off-label market while deliberately not seeking FDA approval, that is at the core of the criminal conduct.").

20136179-1

n. 10 (J.P.M.L. 1991). Yet, the result of Defendant Pfizer's request would, in effect, keep the *Assurant* Plaintiffs from pursuing their action.

Defendant Pfizer ignores: (1) *Assurant* Plaintiffs' unique theory of the case, (2) *Assurant* Plaintiffs do not assert federal RICO claims (a major component of the Class Complaint in MDL 1629 and Coordinated Non-Class Complaint) or personal injury claims, (3) *Assurant* Plaintiffs have sued Defendant Pfizer's marketing company, Cline, Davis & Mann, and two former executives, as well as Defendant Pfizer, and (4) MDL 1479 plaintiffs in *In re Neurontin Antitrust Litigation* have not alleged and are not pursuing antitrust claims based on Defendant Pfizer's marketing practices and agreements, including leveraging.

It would not be "just" or "efficient" to grant Defendant Pfizer's request to stay *Assurant* Plaintiffs' Complaint indefinitely. *Assurant* Plaintiffs currently represent over 85% of the health benefit plans in MDL 1629. If a stay is granted, *Assurant* Plaintiffs would not be prepared for trial upon the completion of discovery by the other plaintiffs in MDL 1629 or have had the opportunity to pursue the discovery necessary to fully develop their theory of the case.[5] For these reasons, *Assurant* Plaintiffs request this Court to issue a suggestion of remand to the Panel and opposes efforts to sever or stay their Complaint.

DATED: May 22, 2005.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Annamarie A. Daley
Annamarie A. Daley (#158112)
Mark Ireland (#0303690)
2800 LaSalle Plaza
800 LaSalle Avenue

---

[5] Transferring *Assurant* Plaintiffs' Complaint to MDL 1479, *In re Neurontin Antitrust Litigation*, also would not fulfill the purposes of the multidistrict litigation statutes. Judge Lifland would simply be faced with the same discovery and management issues that are currently before this Court.

20136179-1

Minneapolis, MN 55402-2015
Tel.: (612) 349-8500
Fax: (612) 339-4181

James S. Harrington (# 543744)
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel.: 617.267-2300
Fax: 617.267.8288

***Attorneys for Assurant Plaintiffs***

20136179-1